UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURO GUMPAL,<br><br>    Plaintiff,<br><br>    v.<br><br>QUEEN OF THE VALLEY MEDICAL CENTER, et al.,<br><br>    Defendants. | Case No. 16-cv-06611-SI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 1 |

Mauro Gumpal, a prisoner currently housed at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

Mario Gumpal complains that he has become infected with several illnesses due to the use of contaminated medical instruments at a Napa hospital. The complaint alleges the following:

Queen of the Valley Medical Center ("QVMC") is a hospital in Napa, California. St. Joseph Health Systems ("SJHS") is alleged to be the corporate parent of QVMC, and both are named as defendants. The other named defendants are the CEO of QVMC and SJHS, and several doctors who worked at and/or were employed by QVMC and SJHS. Docket No. 1 at 4-5.

In 2009-2010, Gumpal was incarcerated at the California State Prison-Solano. He was sent from that prison to QVMC for diagnostic testing. *Id.* at 4.

Before July 30, 2009, Gumpal did not have hepatitis A, B, or C; did not have HIV; did not have helicobacter pylori ("H-pylori"), and did not have any other blood disease. *Id.* at 4.

1   On July 30, 2009, Gumpal was sent to QVMC for a colonoscopy. He had four scoping procedures thereafter at QVMC: a colonoscopy on August 13, 2009; an upper endoscopy on October 22, 2009; a colonoscopy on November 9, 2009; and an upper endoscopy on August 12, 2010. *Id.* at 4-6. He also had a blood transfusion at QVMC in 2009 or 2010. *Id.* at 6.

In 2014, Gumpal was informed that he has three of the following four infectious diseases: hepatitis A, B, and C, and H-pylori. *Id.* (In 2016, he discovered that he was diagnosed as positive and reactive for hepatitis A, hepatitis B, and H-pylori. *Id.* at 7.)

In August 2015, the defendants allegedly discovered that the scopes used for endoscopies and colonoscopies at QVMC "were not properly sanitized in a clean manner in accordance to the manufacturer's directions and specifications" over a seven-year period. *Id.* at 6-7. Gumpal was not the only potentially-affected patient: the defendants did not properly clean the instruments before using them on over 5,000 patients over a seven-year period. *Id.* at 9.

Gumpal received notices in March 2016 from prison officials and from QVMC that he may have contracted an infection from the scoping, transfusion and other medical procedures. *Id.* at 7.

Doe # 1 negligently manufactured the scoping instrument in a manner that contributed to the defendants "negligently leaving the endoscope unsanitized, unsanitary and unclean to cause blood infections." *Id.* at 9.

The complaint includes claims for negligence, deliberate indifference to medical needs, product liability, and state-law failure to warn.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). Even if § 1915A(a) screening is not called for because relief is not sought from a governmental

2

entity, officer or employee, the court may review a complaint filed *in forma pauperis* to fulfill its duty under 28 U.S.C. § 1915(e)(2) to dismiss the case if it is frivolous or malicious or fails to state a claim on which relief may be granted. *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The threshold issue here is whether there is a claim that gives this court original jurisdiction over this action in which state law negligence and product liability claims predominate. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The two main classes of cases over which the federal courts have jurisdiction are those that present a federal question, *see* 28 U.S.C. § 1331, and those in which the parties have diverse citizenship, *see* 28 U.S.C. § 1332. An action under 42 U.S.C. § 1983 presents a federal question and would give this Court original jurisdiction. Problems with Gumpal's § 1983 claim require the court's attention first because, if there is no viable § 1983 claim, the negligence and products liability claims must be pursued in state court.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). A defendant violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).

The problem with Gumpal's complaint concerns the mental state, or deliberate indifference, required for an Eighth Amendment claim. A defendant is deliberately indifferent if

he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id.* at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If the defendant should have been aware of the risk, but was not, then he has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

The complaint fails to allege facts sufficient to state a claim that any defendant acted with deliberate indifference to Gumpal's serious medical needs. According to the complaint, Gumpal was one of thousands of patients potentially harmed by the use of contaminated medical instruments at QVMC. Those facts may suggest potential negligence, but there are no facts alleged that plausibly suggest deliberate indifference. That is, the allegations that, like many other patients, Gumpal was scoped with potentially-contaminated instruments does not plausibly suggest that defendants actually knew the scoping instruments were improperly sterilized, drew the inference that the improperly-sterilized instruments could pose a substantial risk of infection, and nonetheless chose to use those instruments on Gumpal. Nor are any facts alleged that plausibly suggest defendants knowingly gave Gumpal contaminated blood in a transfusion.

Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).[1] A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Gumpal did not allege facts sufficient to plausibly show deliberate indifference; merely including the conclusory allegations that defendants acted "deliberately" and "purposely" and "fraudulently"

---

[1] This requirement that the pleader allege enough facts to state a claim to relief that is plausible on its face stems from the rule that a complaint must allege "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2) "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).

(Docket No. 1 at 9) without facts to support those conclusions does not suffice to state a claim for deliberate indifference.  Leave to amend is granted so that Gumpal may file an amended complaint that proffers enough facts to state a claim to relief for an Eighth Amendment violation that is plausible on its face.

The court will assume for present purposes that the defendants' actions are state actions, although that might later be contested. Determining whether a private party's conduct should be considered action under color of state law can be a difficult matter and may depend on the particular relationship between the prison and the defendant health care providers.  *See generally Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295-98 (2001) (discussing tests and facts to be considered to determine whether actions taken by private individuals or organizations should be considered to be taken under color of state law.

## CONCLUSION

The complaint fails to state a § 1983 claim upon which relief may be granted.  Leave to amend is granted so that plaintiff may attempt to allege an Eighth Amendment violation in an amended complaint.   The amended complaint must be filed no later than **April 28, 2017**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Plaintiff is cautioned that his amended complaint must be a complete statement of his claims.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action without prejudice to plaintiff pursuing his state law claims in state court.

**IT IS SO ORDERED**.

Dated:  March 10, 2017

_____
SUSAN ILLSTON
United States District Judge